INSTRUCTION NO. 1

Members of the Jury:

Now that you have heard all of the evidence that is to be received in this trial and each of the arguments of counsel it becomes my duty to give you the final instructions of the Court as to the law that is applicable to this case. You should use these instructions to guide you in your decisions.

All of the instructions of law given to you by the Court – those given to you at the beginning of the trial, those given to you during the trial, and these final instructions – must guide and govern your deliberations.

It is your duty as jurors to follow the law as stated in all of the instructions of the Court and to apply these rules of law to the facts as you find them to be from the evidence received during the trial.

Counsel have quite properly referred to some of the applicable rules of law in their closing arguments to you. If, however, any difference appears to you between the law as stated by counsel and that as stated by the Court in these instructions, you, of course, are to be governed by the instructions given to you by the Court.

You are not to single out any one instruction alone as stating the law, but must consider the instructions as a whole in reaching your decisions.

Neither are you to be concerned with the wisdom of any rule of law stated by the Court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base any part of your verdict upon any other view or opinion of the law than that given in these instructions of the Court just as it would be a violation of your sworn duty, as the judges of the facts, to base your verdict upon anything but the evidence received in

the case.

You were chosen as jurors for this trial in order to evaluate all of the evidence received and to decide each of the factual questions presented by the allegations brought by the government in the indictment and the pleas of not guilty by the defendants.

In resolving the issues presented to you for decision in this trial you must not be persuaded by bias, prejudice, or sympathy for or against any of the parties to this case or by any public opinion.

Justice – through trial by jury – depends upon the willingness of each individual juror to seek the truth from the same evidence presented to all the jurors here in the courtroom and to arrive at a verdict by applying the same rules of law as now being given to each of you in these instructions of the Court.

2

INSTRUCTION NO. 2

There is nothing particularly different in the way that a juror should consider the evidence in a trial from that in which any reasonable and careful person would deal with any very important question that must be resolved by examining facts, opinions, and evidence. You are expected to use your good sense in considering and evaluating the evidence in the case. Use the evidence only for those purposes for which it has been received and give the evidence a reasonable and fair construction in the light of your common knowledge of the natural tendencies and inclinations of human beings.

If the defendant be proved guilty beyond a reasonable doubt, say so. If not proved guilty beyond a reasonable doubt, say so.

Keep constantly in mind that it would be a violation of your sworn duty to base a verdict upon anything other than the evidence received in the case and the instructions of the Court. Remember as well that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence because the burden of proving guilt beyond a reasonable doubt is always with the government.

INSTRUCTION NO. 3

The evidence in this case consists of the sworn testimony of the witnesses – regardless of who may have called them – all exhibits received in evidence – regardless of who may have produced them – all facts which may have been agreed to or stipulated and all facts and events which may have been judicially noticed.

When the attorneys on both sides stipulate or agree as to the existence of a fact, you may accept the stipulation as evidence and regard that fact as proved. You are not required to do so, however, since you are the sole judge of the facts.

The Court has taken judicial notice of certain facts or events. When the Court declares that it has taken judicial notice of some fact or event, you may accept the Court's declaration as evidence and regard as proved the fact or event which has been judicially noticed. You are not required to do so, however, since you are the sole judge of the facts.

Any proposed testimony or proposed exhibit to which an objection was sustained by the Court and any testimony or exhibit ordered stricken by the Court must be entirely disregarded by you.

Anything you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Questions, objections, statements, and arguments of counsel are not evidence in the case, unless made as an admission or stipulation of fact.

You are to base your verdict only on the evidence received in the case. In your consideration of the evidence received, however, you are not limited to the bald statements of the witnesses or to the bald assertions in the exhibits. In other words, you are not limited solely to

4

what you see and hear as the witnesses testify or as the exhibits are admitted.  You are permitted to draw from the facts which you find have been proved such reasonable inferences as you feel are justified in the light of your experience and common sense.

INSTRUCTION NO. 4

There are two types of evidence which are generally presented during a trial – direct evidence and circumstantial evidence.  Direct evidence is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness.  Circumstantial evidence is proof of a chain of facts and circumstances indicating the existence of a fact.  The law makes no distinction between the weight or value to be given to either direct or circumstantial evidence.  Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence.  You should weigh all the evidence in the case.

## INSTRUCTION NO. 5

Inferences are simply deductions or conclusions which reason and common sense lead the jury to draw from the evidence received in the case.

## INSTRUCTION NO. 6

The questions asked by a lawyer for either party to this case are not evidence. If a lawyer asks a question of a witness which contains an assertion of fact, therefore, you may not consider the assertion by the lawyer as any evidence of that fact. Only the answers are evidence.

INSTRUCTION NO. 7

Testimony and/or an exhibit can be admitted into evidence during a trial only if it meets certain criteria or standards. It is the sworn duty of the attorney on each side of a case to object when the other side offers testimony or an exhibit which that attorney believes is not properly admissible under the rules of law. Only by raising an objection can a lawyer request and obtain a ruling from the Court on the admissibility of the evidence being offered by the other side. You should not be influenced against an attorney or his client because the attorney has made an objection.

Do not attempt, moreover, to interpret my rulings on objections as somehow indicating how I think you should decide this case. I am simply making a ruling on a legal question regarding that particular piece of testimony or exhibit.

## INSTRUCTION NO. 8

It is the duty of the Court to admonish an attorney who, out of zeal for his or her cause, does something which I feel is not in keeping with the rules of evidence or procedure.

You are to draw absolutely no inference against the side to whom an admonition of the Court may have been addressed during the trial of this case.

INSTRUCTION NO. 9

During the course of a trial, I may occasionally ask questions of a witness.  Do not assume that I hold any opinion on the matters to which my questions may relate.  The Court may ask a question simply to clarify a matter – not to help one side of the case or hurt another side.

Remember at all times that you, as jurors, are the sole judges of the facts of this case.

11

INSTRUCTION NO. 10

The law of the United States permits a federal judge to comment to the jury on the evidence in a case.  Such comments are, however, only expressions of my opinion as to the facts and the jury may disregard them entirely.  You, as jurors, are the sole judges of the facts in this case.  It is your recollection and evaluation of the evidence that is important to the verdict in this case.

Although you must follow the Court's instructions concerning the law applicable to this case, you are totally free to accept or reject my observations concerning the evidence received in the case.

## INSTRUCTION NO. 11

In certain instances evidence may be admitted only concerning a particular party or only for a particular purpose and not generally against all parties or for all purposes.

For the limited purpose for which this evidence has been received you may give it such weight as you feel it deserves.  You may not, however, use this evidence for any other purpose or against any party not specifically mentioned.

INSTRUCTION NO. 12

If any reference by the Court or by counsel to matters of testimony or exhibits does not coincide with your own recollection of that evidence, it is your recollection which should control during your deliberations and not the statements of the Court or of counsel.

You are the sole judges of the evidence received in this case.

## INSTRUCTION NO. 13

I instruct you that you must presume the Defendants Rosemberg Martin Majano and Jose Alejandro Orellana Montalvo to be innocent of the crime charged. Thus the defendants, although accused of crimes in the indictment, begin the trial with a "clean slate" – with no evidence against them. The indictment, as you already know, is not evidence of any kind. The defendants are, of course, not on trial for any act or crime not contained in the indictment. The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charge against a defendant. The presumption of innocence alone, therefore, is sufficient to acquit the Defendants Majano and Orellana Montalvo.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. The defendant is not even obligated to produce any evidence by cross-examining the witnesses for the government.

It is not required that the government prove guilt beyond all possible doubt. The test is one of reasonable doubt.

Unless the government proves, beyond a reasonable doubt, that Defendants Majano and Orellana Montalvo have committed each and every element of the offenses charged in the indictment, you must find Defendants Majano and Orellana Montalvo not guilty of the offenses. If the jury views the evidence in the case as reasonably permitting either of two conclusions – one of innocence, the other of guilt – the jury must, of course, adopt the conclusion of innocence.

15

INSTRUCTION NO. 14

An indictment is only a formal method used by the government to accuse a defendant of a crime. It is not evidence of any kind against the defendant. The defendant is presumed to be innocent of the crime charged. Even though this indictment has been returned against the defendant, the defendant begins this trial with absolutely no evidence against him.

Defendants Rosemberg Martin Majano and Jose Alejandro Orellana Montalvo have pled "Not Guilty" to this indictment and, therefore, deny that they are guilty of the charges.

16

INSTRUCTION NO. 15

Evidence relating to any alleged statement, confession or admission or act or omission alleged to have been made or done be a defendant outside of court and after a crime has been committed should always be considered with caution and weighed with great care. All such alleged statements, confessions, or admissions should be disregarded entirely unless the other evidence in the case convinces the jury beyond a reasonable doubt that the statement, confession, admission, or act or omission, was made or done knowingly and voluntarily.

In determining whether any alleged statement, confession or admission or act or omission alleged to have been made by a defendant outside of court and after a crime has been committed was knowingly and voluntarily made or done the jury should consider the age, training, education, occupation, and physical and mental condition of the defendant, and his treatment while in custody or under interrogation as shown by the evidence in the case. Also consider all other circumstances in evidence surrounding the making of the alleged statement, confession, or admission.

If after considering the evidence you determine that a statement, confession or admission or act or omission was made or done knowingly and voluntarily, by the defendant you may give it such weight as you feel it deserves under the circumstances in deciding the case against the defendant.

17

INSTRUCTION NO. 16

A separate crime is alleged against each of the defendants in each count of the indictment. Each alleged offense, and any evidence pertaining to it, should be considered separately by the jury. The fact that you find one defendant guilty or not guilty of one of the offenses charged should not control your verdict as to any other offense charged against that defendant or against any other defendant.

You must give separate and individual consideration to each charge against each defendant.

INSTRUCTION NO. 17

The rules of evidence ordinarily do not permit witnesses to testify as to their own opinions or their own conclusions about important questions in a trial. An exception to this rule exists as to those persons who are described as "expert witnesses." An "expert witness" is someone who, by education or by experience, may have become knowledgeable in some technical, scientific, or very specialized area. If such knowledge or experience may be of assistance to you in understanding some of the evidence or in determining a fact, an "expert witness" in that area may state an opinion as to a matter in which he or she claims to be an expert.

You should consider each expert opinion received in evidence in this case and give it such weight, if any, as you may think it deserves. You should consider the testimony of expert witnesses just as you consider other evidence in this case. If you should decide that the opinion of an expert witness is not based upon sufficient education or experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you should conclude that the opinion is outweighed by other evidence, you may disregard the opinion in part or in its entirety.

As I have told you several times, you – the jury – are the sole judges of the facts of this case.

INSTRUCTION NO. 18

Charts or summaries have been prepared by the government, have been admitted into evidence and have been shown to you during the trial for the purpose of explaining facts that are allegedly contained in books, records, or other documents which are also in evidence in this case. You may consider the charts and summaries as you would any other evidence admitted during the trial and give them such weight or importance, if any, as you feel they deserve.

INSTRUCTION NO. 19

Statements knowingly and voluntarily made by Defendant Rosemberg Martin Majano or Defendant Jose Alejandro Orellana Montalvo upon being informed that a crime had been committed or upon being accused of a criminal charge may be considered by the jury.

When a defendant voluntarily offers an explanation or voluntarily makes some statement tending to show his innocence and it is later shown that the defendant knew that this statement or explanation was false, the jury may consider this as showing a consciousness of guilt on the part of a defendant since it is reasonable to infer that an innocent person does not usually find it necessary to invent or fabricate an explanation or statement tending to establish his innocence.

Whether or not evidence as to a defendant's explanation or statement points to a consciousness of guilt on his part and the significance, if any, to be attached to any such evidence, are matters exclusively within the province of the jury since you are the sole judges of the facts of this case.

In your evaluation of evidence of an exculpatory statement shown to be false, you may consider that there may be reasons – fully consistent with innocence – that could cause a person to give a false statement showing that he did not commit a crime. Fear of law enforcement, reluctance to become involved, and simple mistake may cause a person who has committed no crime to give such a statement or explanation.

Any testimony concerning a false exculpatory statement by Defendant Rosemberg Martin Majano is in no way attributable to any other defendant on trial in this case and may not be considered by you in determining whether the government has proven the charges against any other defendant beyond a reasonable doubt.

21

INSTRUCTION NO. 20

Evidence that Defendant Jose Alejandro Orellana Montalvo suppressed evidence, or attempted to do so, is a circumstance that, if proven, may be considered by the jury as showing a consciousness of guilt on the part of Defendant Orellana Montalvo.

In your evaluation of this evidence of suppression of evidence, you may consider that there may be reasons – fully consistent with innocence – that could cause a person to act in that matter.  Fear of law enforcement or a reluctance to become involved in an investigation or simple mistake may cause a person who has committed no crime to act in that manner.

Whether or not evidence of suppression of evidence causes you to find a consciousness of guilt on his part and the significance, if any, of that consciousness of guilt is entirely up to you as the sole judges of the facts of this case.

Any testimony concerning suppression by Defendant Orellana Montalvo is in no way attributable to any other defendant on trial and may not be considered by you in determining whether the government has proven the charges against any other defendant beyond a reasonable doubt.

INSTRUCTION NO. 20

During the trial, Spanish language recordings were admitted in evidence. You were also given English transcripts of those recordings so you could consider the contents of the recordings. It is up to you to decide whether a transcript is accurate, in whole or in part. You may consider the translator's knowledge, training, and experience, the nature of the conversation, and the reasonableness of the translation in light of all the evidence in the case. You may not rely on any knowledge you may have of the Spanish language. Rather, your consideration of the transcripts should be based on the evidence introduced in the trial.

23

INSTRUCTION NO. 21

You, as jurors, are the sole and exclusive judges of the credibility of each of the witnesses called to testify in this case and only you determine the importance or the weight, if any, that their testimony deserves. After making your assessment concerning the credibility of a witness, you may decide to believe all of that witness's testimony, only a portion of it, or none of it.

In making your assessment of that witness you should carefully scrutinize all of the testimony given by that witness, the circumstances under which each witness has testified, and all of the other evidence which tends to show whether a witness, in your opinion, is worthy of belief. Consider each witness's intelligence, motive to falsify, state of mind, and appearance and manner while on the witness stand. Consider the witness's ability to observe the matters as to which he or she has testified and consider whether he or she impresses you as having an accurate memory or recollection of these matters. Consider also any relation a witness may bear to either side of the case, the manner in which each witness might be affected by your verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness or between the testimony of different witnesses may or may not cause you to disbelieve or discredit such testimony. Two or more persons witnessing an incident or a transaction may simply see or hear it differently. Innocent misrecollection, like failure of recollection, is not an uncommon human experience. In weighing the effect of a discrepancy, however, always consider whether it pertains to a matter of importance or an insignificant detail and consider whether the discrepancy results from innocent error or from intentional falsehood.

24

After making your own judgment or assessment concerning the believability of a witness, you can then attach such importance or weight to that testimony, if any, that you feel it deserves. You will then be in a position to decide whether the government has proven the charges beyond a reasonable doubt.

INSTRUCTION NO. 22

You should judge the testimony of the defendant in the same manner as you judge the testimony of any other witness in this case.

INSTRUCTION NO. 23

The defendant in a criminal case has an absolute right under our Constitution not to testify.

The fact that defendant Rosemberg Martin Majano did not testify must not be discussed or considered in any way when deliberating and in arriving at your verdict. No inference of any kind may be drawn from the fact that a defendant decided to exercise his privilege under the Constitution and did not testify.

As stated before, the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or of producing any evidence.

INSTRUCTION NO. 24

The testimony of a witness may be discredited or, as we sometimes say, impeached by showing that he or she previously made statements which are different than or inconsistent with his or her testimony here in court. The earlier inconsistent or contradictory statements are admissible only to discredit or impeach the credibility of the witness and not to establish the truth of these earlier statements made somewhere other than here during this trial. It is the province of the jury to determine the credibility of a witness who has made prior inconsistent or contradictory statements.

28

INSTRUCTION NO. 25

The indictment charges that the offenses alleged in Counts One through Four were committed "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offenses were committed on a date reasonably near the dates alleged in Counts One through Four of the indictment, it is not necessary for the government to prove that the offenses were committed precisely on the dates charged.

INSTRUCTION NO. 26

The term "knowingly," as used in these instructions to describe the alleged state of mind of the defendants, means that they were conscious and aware of their actions, realized what they were doing or what was happening around them, and did not act because of ignorance, mistake, or accident.

INSTRUCTION NO. 27

The intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind.  In determining the issue of what a person knew or what a person intended at a particular time, you may consider any statements made or acts done by that person and all other facts and circumstances received in evidence which may aid in your determination of that person's knowledge or intent.

You may infer, but you are certainly not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.  It is entirely up to you, however, to decide what facts to find from the evidence received during this trial.

INSTRUCTION NO. 29

The government may prove that the defendants acted "knowingly" by proving, beyond a reasonable doubt, that the defendants deliberately closed their eyes to what would otherwise have been obvious to them. No one can avoid responsibility for a crime by deliberately ignoring what is obvious. A finding beyond a reasonable doubt of an intent of the defendants to avoid knowledge or enlightenment would permit the jury to find knowledge. Stated another way, a person's knowledge of a particular fact may be shown from a deliberate or intentional ignorance or deliberate or intentional blindness to the existence of that fact.

It is, of course, entirely up to you as to whether you find any deliberate ignorance or deliberate closing of the eyes and any inferences to be drawn from any such evidence.

You may not conclude that the defendants had knowledge, however, from proof of a mistake, negligence, carelessness, or a belief in an inaccurate proposition.

INSTRUCTION NO. 30

Intent and motive are different concepts and should never be confused.

Motive is what prompts a person to act or fail to act. Intent refers only to the state of mind with which the act is done or omitted.

Personal advancement and financial gain, for example, are two well-recognized motives for much of human conduct. These praiseworthy motives, however, may prompt one person to voluntary acts of good while prompting another person to voluntary acts of crime.

Good motive alone is never a defense where the act done or omitted is a crime. The motive of the defendant is, therefore, immaterial except insofar as evidence of motive may aid in the determination of state of mind or the intent of the defendant.

33

INSTRUCTION NO. 31

A criminal conspiracy is an agreement or a mutual understanding knowingly made or knowingly entered into by at least two people to violate the law by some joint or common plan or course of action. A conspiracy is, in a very true sense, a partnership in crime.

A conspiracy or agreement to violate the law, like any other kind of agreement or understanding, need not be formal, written, or even expressed directly in every detail.

The government must prove that the defendant and at least one other person knowingly and deliberately arrived at an agreement or understanding that they, and perhaps others, would violate some laws by means of some common plan or course of action as alleged in Count One and/or Count Four of the indictment. It is proof of this conscious understanding and deliberate agreement by the alleged members that should be central to your consideration of the charges of conspiracy.

To prove the existence of a conspiracy or an illegal agreement, the government is not required to produce a written contract between the parties or even produce evidence of an express oral agreement spelling out all of the details of the understanding. To prove that a conspiracy existed, moreover, the government is not required to show that all of the people named in the indictment as members of the conspiracy were, in fact, parties to the agreement, or that all of the members of the alleged conspiracy were named or charged, or that all of the people whom the evidence shows were actually members of a conspiracy agreed to all of the means or methods set out in the indictment.

34

Unless the government proves beyond a reasonable doubt that a conspiracy, as just explained, actually existed, then you must acquit the defendant of the charges in Count One and Count Four of the indictment.

INSTRUCTION NO. 32

Before the jury may find that the defendant, or any other person, became a member of the conspiracy charged in Count One or Count Four of the indictment, the evidence in the case must show beyond a reasonable doubt that the defendant knew the purpose or goal of the agreement or understanding and then deliberately entered into the agreement intending, in some way, to accomplish the goal or purpose by this common plan or joint action.

If the evidence establishes beyond a reasonable doubt that the defendant knowingly and deliberately entered into an agreement to import the controlled substances described in Count One or to possess with the intent to distribute the controlled substances identified in Count Four, the fact that the defendant did not join the agreement at its beginning, or did not know all of the details of the agreement, or did not know each of his co-conspirators, or did not participate in each act of the agreement, or did not play a major role in accomplishing the unlawful goal, or had only a slight connection with the conspiracy is not important to your decision regarding membership in the conspiracy.

Merely associating with others and discussing common goals, mere similarity of conduct between or among such persons, merely being present at the place where a crime takes place or is discussed, or even knowing about criminal conduct does not, of itself, make someone a member of the conspiracy or a conspirator.

## INSTRUCTION NO. 33

The government is not required to prove that the parties to or members of the alleged agreement or conspiracy were successful in achieving any or all of the objects of the agreement or conspiracy.

INSTRUCTION NO. 34

Evidence has been received in this case that certain persons, who are alleged to be co-conspirators of the defendant, have done or said things during the existence or life of the alleged conspiracy in order to further or advance its goals.

Such acts and statements of these other individuals may be considered by you in determining whether or not the government has proven the charges in Count One and Count Four of the indictment against the defendant.

Since these acts may have been performed and these statements may have been made outside the presence of the defendant and even done or said without the defendant's knowledge, these acts or statements should be examined with particular care by you before considering them against a defendant who did not do the particular act or make the particular statement.

INSTRUCTION NO. 35

A conspirator is responsible for substantive offenses committed by other conspirators if he was a member of the conspiracy when the substantive offense was committed and if the substantive offense was committed during and in furtherance of the conspiracy. For example, if you find the defendant JOSE ALEJANDRO ORELLANA MONTALVO guilty of the conspiracy charged in Count One or Count Four, and if you find beyond a reasonable doubt that during the time he was a member of that conspiracy, other conspirators committed the offenses in Count Two or Count Three during and in furtherance of the conspiracy, then you may find Defendant ORELLANA MONTALVO guilty of Count Two or Count Three, even though he may not have committed the substantive act or acts which constitute the offenses described in Count Two and Count Three.

INSTRUCTION NO. 36

Count One of the indictment charges that:

Beginning in and around August 2017, the exact date being unknown to the Grand Jury, and continuing to on or about August 10, 2017, both dates being approximate and inclusive, at Washington Dulles International Airport, in Loudoun County, Virginia, within the Eastern District of Virginia and elsewhere, the defendants, Rosemberg Martin Majano and Jose Alejandro Orellana Montalvo, did unlawfully, knowingly and intentionally combine, conspire, confederate and agree with each other, and other co-conspirators known and unknown to the Grand Jury, to unlawfully, knowingly and intentionally import into the United States, from a place outside thereof: (1) one kilogram or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, and (2) five hundred grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 963, 960(a), 952(a).

The defendants have entered pleas of "not guilty" and have denied that they are guilty of the offense charged in Count One of the indictment.

INSTRUCTION NO. 37

Section 963 of Title 21 of the United States Code provides, in part, that:

> Any person who attempts or conspires to commit any offense defined in this subchapter [shall be guilty of an offense against the laws of the United States].

Section 952 of Title 21 of the United States Code provides, in part, that:

> It shall be unlawful . . . to import into the United States from any place outside thereof, any controlled substance in schedule I or schedule II . . . .

Section 960(a) of Title 21 of the United States Code provides, in part, that:

> Any person who –

> . . . contrary to section . . . 952 . . . of this title, knowingly or intentionally imports . . . a controlled substance . . . shall be punished . . . .

41

INSTRUCTION NO. 38

In order to sustain its burden of proof for the crime of conspiracy to import a controlled substance, as charged in Count One of the indictment, the government must prove the following three essential elements beyond a reasonable doubt:

First:     that there was an agreement between two or more persons to import into the United States, from any place outside thereof, (i) one kilogram or more of a mixture and substance containing a detectable amount of heroin, or (ii) five hundred grams or more of a mixture and substance containing a detectable amount of cocaine;

Second:    that the defendant knew of this agreement, or conspiracy; and

Third:     that the defendant knowingly and voluntarily participated in or became a part of this agreement or conspiracy.

For you to find that the government has proved a conspiracy to import a controlled substance, you must unanimously find that there was an agreement to act for at least one of the purposes alleged in the indictment, that is, to import heroin or to import cocaine. You may find a defendant guilty of one object or both objects, or not guilty of either object of the conspiracy. You must unanimously agree on the object or objects of the conspiracy to find the defendant guilty. If you are unable to unanimously agree on at least one of the objects, you cannot find the defendant guilty of conspiracy.

INSTRUCTION NO. 39

Count Two of the indictment charges that:

On or about August 10, 2017, at Washington Dulles International Airport, in Loudoun County, Virginia, within the Eastern District of Virginia, the defendants, Rosemberg Martin Majano and Jose Alejandro Orellana Montalvo, did unlawfully, knowingly and intentionally import into the United States, from a place outside thereof, one kilogram or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 952(a) and 960(a).

The defendants have entered pleas of "not guilty" and have denied that they are guilty of the offense charged in Count Two of the indictment.

INSTRUCTION NO. 40

Count Three of the indictment charges that:

On or about August 10, 2017, at Washington Dulles International Airport, in Loudoun County, Virginia, within the Eastern District of Virginia, the defendants, Rosemberg Martin Majano and Jose Alejandro Orellana Montalvo, did unlawfully, knowingly and intentionally import into the United States, from a place outside thereof, five hundred grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 952(a) and 960(a)

The defendants have entered pleas of "not guilty" and have denied that they are guilty of the offense charged in Count Three of the indictment.

INSTRUCTION NO. 41

Section 952(a) of Title 21 of the United States Code provides, in part, that:

> It shall be unlawful . . . to import into the United States from any place outside thereof, any controlled substance in schedule I or schedule II . . . .

Section 960(a) of Title 21 of the United States Code provides, in part, that:

> Any person who –

> . . . contrary to section . . . 952 . . . of this title, knowingly or intentionally imports . . . a controlled substance . . . shall be punished . . . .

INSTRUCTION NO. 42

In order to sustain its burden of proof for the crime of importation of a controlled

substance, as charged in Counts Two and Three of the indictment, the government must prove

the following three essential elements beyond a reasonable doubt:

First:    that the defendant imported into the United States from any place outside
          of the United States;

Second:   the controlled substance alleged in the indictment; and

Third:    that the defendant did so knowingly or intentionally.

INSTRUCTION NO. 43

The term "import" means that the controlled substances in question in this case – heroin and cocaine – were brought into the United States from a point outside the United States.

INSTRUCTION NO. 44

Count Four of the indictment charges that:

Beginning in or around August 10, 2017, the exact date being unknown to the Grand Jury, and continuing to on or about August 10, 2017, both dates being approximate and inclusive, in the Eastern District of Virginia and elsewhere, the defendants, Rosemberg Martin Majano and Jose Alejandro Orellana Montalvo, unlawfully, knowingly and intentionally combined, conspired, confederated and agreed together and with each other, and with other persons known and unknown to the Grand Jury, to unlawfully, knowingly and intentionally possess with the intent to distribute: (1) one kilogram or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, and (2) five hundred grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 846, 841(a)(1).

INSTRUCTION NO. 45

Section 846 of Title 21 of the United States Code provides, in part, that:

> Any person who . . . conspires to commit any offense defined in this subchapter [shall be guilty of an offense against the laws of the United States].

Section 841(a)(1) of Title 21 of the United States Code provides, in part, that:

> (a) . . . it shall be unlawful for any person knowingly or intentionally –
>
>> (1) to . . . possess with intent to . . . distribute . . . a controlled substance . . . .

49

INSTRUCTION NO. 46

In order to sustain its burden of proof for the crime of conspiracy to possess with intent to distribute a controlled substance, as charged in Count Four of the indictment, the government must prove the following essential elements beyond a reasonable doubt:

First:     There was an agreement between two or more persons to possess with intent to distribute (i) one kilogram or more of a mixture and substance containing a detectable amount of heroin, or (ii) five hundred grams or more of a mixture and substance containing a detectable amount of cocaine;

Second:    The defendant knew of this agreement, or conspiracy; and

Third:     The defendant knowingly and voluntarily became a part of this agreement or conspiracy.

For you to find that the government has proved a conspiracy to possess with intent to distribute a controlled substance, you must unanimously find that there was an agreement to act for at least one of the purposes alleged in the indictment, that is, to possess with intent to distribute heroin or to possess with intent to distribute cocaine. You may find a defendant guilty of one object or both objects, or not guilty of either object of the conspiracy. You must unanimously agree on the object or objects of the conspiracy to find the defendant guilty. If you are unable to unanimously agree on at least one of the objects, you cannot find the defendant guilty of conspiracy.

50

INSTRUCTION NO. 47

The term "to possess" means to exercise control or authority over something at a given time.  There are several types of possession – constructive, sole, and joint.

The "possession" is considered to be actual when a person knowingly has direct physical control or authority over something.  The "possession" is called constructive when a person does not have direct physical control over something, but can knowingly control it and intends to control it, sometimes through another person.

The "possession" may be knowingly exercised by one person exclusively which is called sole possession or the "possession" may be knowingly exercised jointly when it is shared by two or more persons.

INSTRUCTION NO. 48

The phrase "with intent to distribute" means to have in mind or to plan in some way to deliver or to transfer possession or control over a thing to someone else.

In attempting to determine the intent of any person you may take into your consideration all the facts and circumstances shown by the evidence received in the case concerning that person.

In determining a person's "intent to distribute" controlled substances, the jury may consider, among other things, the purity of the controlled substance, the quantity of the controlled substance, the presence of equipment used in the processing or sale of controlled substances, and large amounts of cash or weapons.

The government must prove, beyond a reasonable doubt, that each Defendant intended to distribute the controlled substances alleged in the indictment.

INSTRUCTION NO. 49

You are instructed, as a matter of law, that heroin is a Schedule I controlled substance and that cocaine is a Schedule II controlled substance.

It is solely for the jury, however, to determine whether or not the government has proven beyond a reasonable doubt that the defendant conspired to import, imported, or conspired to possess with intent to distribute substances which were cocaine and/or heroin.

## INSTRUCTION NO. 50

It is not necessary for the government to prove that the defendant knew the precise nature of the controlled substances that were imported or the object of the conspiracy.

The government must prove beyond a reasonable doubt, however, that the defendant did know that some type of controlled substance was imported or the object of the conspiracy.

INSTRUCTION NO. 51

To find a defendant guilty of any of the counts charged, the evidence received in this case need not prove the actual or exact amount of the controlled substance. The government must prove beyond a reasonable doubt, however, a measurable amount of the controlled substance that is the subject of the charge.

If you find that the government has proven beyond a reasonable doubt that a defendant is guilty of a charge, you must next determine the amount of controlled substances that the defendant is accountable for with respect to that offense. The government must prove that the defendant is accountable for that amount beyond a reasonable doubt. The Special Verdict Form will provide you with options as to the amount. You are simply to check the amount that you find the government has proven the defendant is accountable for beyond a reasonable doubt with respect to the offense.

INSTRUCTION NO. 52

You are instructed that a defendant is accountable for the quantity of controlled substance that he:

a) personally imported or possessed with intent to distribute;

b) aided and abetted others to import or possess with intent to distribute; or

c) could reasonably foresee that others would import or possess with the intent to distribute during and in furtherance of the conspiracy.

INSTRUCTION NO. 53

Upon retiring to your jury room to begin your deliberation, you must elect one of your members to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in court.

Your verdict must represent the collective judgment of the jury. In order to return a verdict, it is necessary that each juror agree to it. Your verdict, in other words, must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so without violence to individual judgment. Each of you must decide the case for himself and herself, but do so only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and to change your opinion if convinced it is erroneous. Do not surrender your honest conviction, however, solely because of the opinion of your fellow jurors or for the mere purpose of thereby being able to return a unanimous verdict.

Remember at all times that you are not partisans. You are judges – judges of the facts of this case. Your sole interest is to seek the truth from the evidence received during the trial.

Your verdict must be based solely upon the evidence received in the case. Nothing you have seen or read outside of court may be considered. Nothing that I have said or done during the course of this trial is intended in any way to somehow suggest to you what I think your verdict should be. Nothing said in these instructions and nothing in any form of verdict, is to suggest or convey to you in any way or manner any intimation as to what verdict I think you

should return.  What the verdict shall be is the exclusive duty and responsibility of the jury.  As I have told you many times, you are the sole judges of the facts.

The punishment provided by law for the offenses charged in the indictment is a matter exclusively within the province of the Court and should never be considered by the jury in any way in arriving at an impartial verdict as to the offenses charged.

Forms of verdict have been prepared for your convenience and read as follows:

[The forms of verdict should be read to the jury.]

You will take these forms to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson write your verdict on the form, date and sign the form, and then return with your verdict to the courtroom.

If it becomes necessary during your deliberations to communicate with the Court, you may send a note, signed by your foreperson or by one or more members of the jury, through the Court Security Officer.  No member of the jury should ever attempt to communicate with the Court by any means other than a signed writing and the Court will never communicate with any member of the jury concerning the evidence, your opinions, or the deliberations other than in writing or orally here in open court.

You will note from the oath about to be taken by the Court Security Officers that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury concerning the evidence, your opinions, or the deliberations.

Bear in mind also that you are never to reveal to any person – not even to the Court – how the jury stands, numerically or otherwise, on the question of whether or not the government has sustained its burden of proof until after you have reached a unanimous verdict.